UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SAMSUNG ELECTRONICS CO, LTD., ET AL. SUBPOENA TO APPLE INC.<br><br>(*Solas OLED Ltd. v. Samsung Electronics Co. et al.*, Case No. 2:21-cv-00105-JRG (E.D. Tex.)) | Case No. 22-mc-80005-VKD<br><br>**ORDER GRANTING MOTION TO COMPEL PRODUCTION OF SOURCE CODE**<br><br>Re: Dkt. No. 1 |

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") move for an order compelling Apple Inc. ("Apple") to produce source code in response to a subpoena. Dkt. No. 1. Apple opposes the motion. Dkt. No. 8. The Court heard oral argument on the matter on February 8, 2022. Dkt. No. 17. The motion is granted.

**I.    BACKGROUND**

Samsung is the defendant in a patent infringement action, *Solas OLED Ltd. v. Samsung Electronics Co. et al.*, Case No. 2:21-cv-00105-JRG (E.D. Tex.), pending in the Eastern District of Texas. In that action, the patent holder asserts that Samsung infringes U.S. Patent No. 8,526,767 ("the '767 patent"). Dkt. No. 1 at 1. Samsung contends that Apple's first-generation iPhone included multi-touch gesture recognition functionality and is invalidating prior art with respect to one or more claims of the '767 patent. *Id.* at 2.

On October 22, 2021, Samsung served a document subpoena on Apple requesting, among other things, "[t]he iPhone OS 1 source code relating to the processing of single- and/or multi-touch gestures." Dkt. No. 1-4 at 33. Apple objects to production of this source code. Dkt. No. 8.

## II. DISCUSSION

The scope of discovery available by document subpoena under Rule 45 of the Federal Rules of Civil Procedure is the same as the scope of discovery available under Rule 34. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). A party may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Samsung argues that it cannot carry its burden to prove invalidity by clear and convincing evidence in the *Solas* action without access to Apple's source code because the asserted claims of the patent include elements implemented in source code. Dkt. No. 1 at 3-4. Samsung contends that the documents Apple has already produced describing the iPhone OS 1 gesture recognition functionality do not contain sufficient disclosure, and that a deposition of an Apple representative also will be insufficient. *Id.* Apple responds that requiring production of source code is unduly burdensome, especially given the sensitive nature of source code, and that Apple's production of other documents and a witness to testify about the functionality should suffice. Dkt. No. 8 at 4-6.

The Court is persuaded that the production of source code is necessary here. At least some of the asserted claims appear to require implementation of certain elements in computer code. For example, claim 1 of the '767 patent includes the following limitation:

> A touch sensor device comprising:
>     . . .
>     a processor operable to execute gesture-processing logic stored in one or more
>         tangible media, the gesture-processing logic, when executed by the
>         processor, configured to analyze the time series of data to distinguish one or

> more gesture inputs from the time series of data, the gesture-processing logic being coded with gesture-recognition code comprising a plurality of state-machine modules, the plurality of state-machine modules comprising:
> . . .

*Solas OLED Ltd. v. Samsung Elecs. Co. et al.*, No. 2:21-cv-00105-JRG (E.D. Tex. Mar. 22, 2021), Dkt. No. 1-2, at 24–25 (Compl., Ex. 2). While access to source code may not always be required to show that a particular, computer-implemented functionality exists, here the claim itself appears to require "gesture-processing logic" that is "coded with gesture-recognition code comprising a plurality of state-machine modules." Apple has not demonstrated that the documents it has produced already contain the kind of information necessary to prove the existence (or absence) of these claim elements in the Apple OS 1 prior art, or that such information could be provided by means of deposition testimony.

Apple's claim of undue burden is not well-supported. Apple relies principally on the declaration of Garrett Sakimae, in-house counsel at Apple, who attests as follows:

> Apple considers source code to be among its most highly confidential, proprietary, and protected business information and trade secret material. Apple expends significant time and resources to maintain the confidentiality and nonpublic nature of its source code.
>
> In order to produce the source code that is the subject of Samsung's Motion, Apple would have to expend resources and divert valuable employee time to identify the requested source code and to prepare and deploy a source code computer.

Dkt. No. 8-1 ¶¶ 2-3. Mr. Sakimae's assertions about the confidential nature of the source code at issue are generic and conclusory. The source code at issue dates to June 2007. While some 14-year-old source code may be confidential and still valuable, Mr. Sakimae's statements are generic to all source code and fail to support Apple's argument that the specific source code at issue here is so sensitive that production should not be required. Similarly, Mr. Sakimae's assertions about the burden on Apple of locating and producing the source code fail to support Apple's contention that such burden is undue. He does not explain what efforts or resources would be required to produce the code or provide any basis for the Court to conclude that this undertaking would unduly burden Apple. Samsung represents to the Court that it does not require production of the entire iPhone OS 1 source code, but only the portions of the code relating to the processing of

3

single- and/or multi-touch gestures. At the hearing on this matter, Apple's counsel indicated that this source code could be made available in two weeks. The Court finds no undue burden here.

### III. CONCLUSION

For the reasons explained above, the Court grants Samsung's motion to compel. Apple shall make the source code responsive to Samsung's Request for Production No. 2 (Dkt. No. 1-4 at 33) available for inspection by Samsung's approved expert(s) by **February 25, 2022**, unless Samsung and Apple mutually agree to a different date.

**IT IS SO ORDERED.**

Dated: February 11, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge